UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.

MARKEETA WILLIAMS,

    Plaintiff,

v.

WHETSTONE PARTNERS, LLC
d/b/a eAUTO EQUITY LOAN,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.    This is an action brought pursuant to the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1693m(g) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4.    Plaintiff Markeeta Williams ("Plaintiff") is a natural person.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1693a(5) and 12 C.F.R. § 205.1(e).

1

6. Defendant Whetstone Partners, LLC ("Defendant") is a Florida limited liability corporation with a principal office located at 2001 Northwest 107th Avenue, 3rd Floor, Miami, Florida 33172.

## FACTUAL ALLEGATIONS

7. On August 13, 2013, Plaintiff entered into a loan agreement with Defendant through its website.

8. At the same time, Plaintiff and Defendant arranged a payment schedule for Plaintiff to make her payments to Defendant.

9. The payments were set up as "preauthorized electronic fund transfers" to be taken out of Plaintiff's personal bank account at substantially regular intervals.

10. The transfers Plaintiff authorized were to occur on a recurring basis, at substantially regular intervals, and thus are "preauthorized electronic fund transfer[s]" as defined by 15 U.S.C. § 1693a(10).

11. Plaintiff did not authorize such preauthorized electronic fund transfers in writing.

12. In the alternative, Defendant failed to provide Plaintiff with a copy of her signed, written authorization at the time it was made.

13. Defendant's electronic funds transfer authorization contains the following provision:

> You may revoke this authorization by mailing a written revocation of this ACH Authorization to WHETSTONE PARTNERS, LLC that is received at least three (3) days prior to the proposed effective date of the revocation.

14. The electronic funds transfer agreement between Plaintiff and Defendant purports to waive one of the rights conferred by EFTA at 15 U.S.C. § 1693e(a) and Regulation E, which require that a consumer be allowed to stop payment of a preauthorized electronic fund transfer either orally or in writing.

15. The electronic funds transfer agreement between Plaintiff and Defendant violates 15 U.S.C. § 1693l because it contains provisions that constitute an impermissible waiver of rights conferred under the EFTA—namely the right to cancel a preauthorized electronic fund transfer orally or in writing, and the right to cancel a preauthorized electronic fund transfer by providing notice of cancellation to the financial institution holding the relevant account.

16. Indeed, the EFTA provides Model Disclosure Forms that can be used to comply with the provisions of the EFTA. *See* 12 C.F.R. § 1005 Appendix A. The Model Disclosure Form for preauthorized payments states as follows:

> (h) Preauthorized payments (§ 1005.7(b)(6), (7) and (8); § 1005.10(d))--(1) Right to stop payment and procedure for doing so. If you have told us in advance to make regular payments out of your account, you can stop any of these payments. Here's how:
>
> Call us at [insert telephone number], or write us at [insert address], in time for us to receive your request 3 business days or more before the payment is scheduled to be made. If you call, we may also require you to put your request in writing and get it to us within 14 days after you call. (We will charge you [insert amount] for each stop-payment order you give.)

12 C.F.R. § 1005 Appendix A-2(h).

17. Notwithstanding 15 U.S.C. § 1693e(a), 15 U.S.C. § 1693l, Regulation E and the above-referenced Model Disclosure, Defendant's authorization agreement impermissibly waived a right conferred by EFTA by providing only for written notice.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1693e(a)

18. Plaintiff repeats and re-alleges each and every factual allegation above.

19. Defendant violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without having Plaintiff's written authorization or its equivalent.

20.     In the alternative, Defendant violated 15 U.S.C. § 1693e(a) by initiating preauthorized electronic fund transfers out of Plaintiff's personal bank account without providing Plaintiff a copy of her signed, written authorization.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1693e(a) and Regulation E;

   b) Enjoining Defendant from further violations of 15 U.S.C. § 1693e(a) and Regulation E;

   c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

   e) Awarding other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1693l

21.     Plaintiff repeats and re-alleges each and every factual allegation above.

22.     Defendant violated 15 U.S.C. § 1693l by entering into a written agreement with Plaintiff that contained a provision constituting a waiver of Plaintiff's right to cancel a preauthorized electronic fund transfer orally or in writing.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated 15 U.S.C. § 1693l;

   b) Enjoining Defendant from further violations of 15 U.S.C. § 1693l;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1693m(a)(1);

   d) Awarding Plaintiff statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1693m(a)(2)(A);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1693m(a)(3); and

f) Awarding other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 14, 2014

Respectfully submitted,

**MARKEETA WILLIAMS**

By: s/Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
Weisberg Consumer Law Group, P.A.
Attorney for Plaintiff
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

**Co-counsel with Thompson Consumer Law Group, PLLC**

5235 E. Southern Ave. D106-618
Mesa, AZ 85206
tclg@consumerlawinfo.com